IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. JACKSON, JR.,

      **Plaintiff**,

                                                      Civil Action 2:18-cv-01319
                                                      Judge Michael H. Watson
      v.                                     Chief Magistrate Judge Elizabeth P. Deavers

STUART HUDSON, *et al.*,

      **Defendants**.

## REPORT AND RECOMMENDATION

      Plaintiff, James M. Jackson, Jr., a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants Stuart Hudson, the Director of the Ohio Department of Rehabilitation and Corrections, Trayce Thalheimer, the Chairperson of the Ohio Board Authority, Kathleen Kovach, Ellen Venters, RF Rauschengerg, Mark Houk, Alicia Handwerk, Shirley Smith, Dr. T. Reveal, Ron Nelson, Jr., the Ohio Adult Parole Authority, and Lisa Hunter. This matter is before the Court upon consideration of Defendants' Motion to Dismiss (ECF No. 9), Plaintiff's Response in Opposition (ECF No. 15), and Defendants' Reply in Support (ECF No. 16). For the following reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 16) be **GRANTED IN PART** and **DENIED IN PART**.

### I.   BACKGROUND

      At the outset of this action, Plaintiff requested leave to proceed *in forma pauperis*. (ECF No. 1.) The Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* on

November 16, 2018.  (ECF No. 4.)  On the same date, the Undersigned performed an initial screen and permitted Plaintiff to proceed on his claims against Defendants.  (*Id.*)  Plaintiff brings civil rights claims under 42 U.S.C. § 1983 against Defendants.

Plaintiff alleges that the Defendants failed to provide him with a meaningful statutory mandated parole eligibility/suitability hearing.  (ECF No. 3, at pg. 5.)  Specifically, Plaintiff alleges that the Parole Board improperly considered Defendant Lisa Hunter, an Institutional Parole Officer at Richland Correctional Institution where Plaintiff is in state custody, an appropriate person to provide a mental health assessment of Plaintiff.  (*Id.*)  Plaintiff further alleges that Defendant Hunter "is not a qualified individual by standards set forth by the State of Ohio to determine[] mental health fitness to reenter society."  (*Id.*)  Additionally, Plaintiff alleges that introducing his criminal history going back to when he was twelve years of age "is of an erroneous nature" because it is part of his juvenile record.  (*Id.*)  Finally, he alleges that the hearing failed "to highlight the improvements made by [P]laintiff in his rehabilitation process."  (*Id.*)

Plaintiff requests relief in the form of a new Parole Board hearing, a mental health and psychological evaluation by a licensed and qualified practitioner, and that the Parole Board not use "erroneous and outdated" information when making a decision regarding Plaintiff's parole.  (*Id.* at pg. 6.)  On December 20, 2018, Defendants filed a Motion to Dismiss.  (ECF No. 9.)  On January 22, 2019, Plaintiff filed a Response in Opposition to Defendants' Motion, attaching his reentry accountability plan, a letter from the Ohio Counselor, Social Worker & Marriage and Family Therapist Board regarding Defendant Hunter's licensure records, his previous parole board decisions, and his judgment entry by the Stark County Court of Common Pleas.  (ECF

Nos. 15 & 15-1.)[1]  Defendants filed a Reply in support of their Motion on January 25, 2019. (ECF No. 16.)

## II.  STANDARD OF REVIEW

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted.  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on

---

[1] "As a general rule, a district court, in ruling on a motion to dismiss, should look only to the allegations of the complaint.  A document referred to or attached to the pleadings, and integral to plaintiff's claims, may also be considered without converting a motion to dismiss into one for summary judgement."  *Burns v. U.S.*, 542 F. App' 461, 466 (6th Cir. 2013) (citing *Commercial Money Ctr, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007)).  In the limited circumstances of this particular case, the Court will take notice of Plaintiff's exhibits attached to his Response in Opposition in considering Defendants' Motion to Dismiss, finding that they are integral to his claims.

its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

**A. Jurisdiction**

Defendants first argue that Plaintiff's Complaint ought to be construed as a complaint for a writ of mandamus to compel the Adult Parole Authority to grant him a new parole hearing. (ECF No. 9, at pg. 4.) Defendants further argue that Plaintiff's Complaint is not cognizable under 42 U.S.C. § 1983 because he has no constitutional or statutory right to parole. (*Id.*) Defendants are correct that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, "[p]arole for Ohio prisoners lies wholly within the discretion of the [Ohio Adult Parole Authority]" and "[t]he statutes which provide for parole do not create a protected liberty interest for due process purposes." *Jago v. Van Curen*, 454 U.S. 14, 16 (1981) (citation omitted).

> However,
>
>> where a prisoner does not claim immediate entitlement to parole or seek a shorter sentence but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case, and that challenge will at best result in a new discretionary hearing the outcome of which cannot be predicted, . . . such a challenge [is] cognizable under section 1983.

*Parsons v. Wilkinson*, No. C2-05-527, 2006 WL 2266254, at *2–3 (S.D. Ohio Aug. 8, 2006) (citing *Dotson v. Wilkinson*, 329 F.3d 463, 472 (6th Cir. 2003) (en banc)). Here, Plaintiff does not seek an injunction ordering his immediate or speedier release into the community. Instead, Plaintiff seeks a new Parole Board hearing, a mental health and psychological evaluation by a licensed and qualified practitioner, and that the Parole Board not use "erroneous and outdated" information when making a decision regarding Plaintiff's parole. (ECF No. 15, at pg. 6.) Furthermore, a favorable judgment for Plaintiff in the instant action will not "necessarily imply the invalidity of [his] conviction[] or sentence[.]" *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (citations omitted). Here, success for Plaintiff

> does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application[,] [s]uccess for [Plaintiff] means at most a new parole hearing in which Ohio parole authorities may, in their discretion, decline to shorten his prison term.

*Id.* Accordingly, there appears to be no insurmountable bar to the form of Plaintiff's claim in this Court which is an action brought under 42 U.S.C. § 1983. Furthermore, given that the Court must liberally construe his pleadings because Plaintiff is proceeding *pro se*, it cannot be said that the allegations in Plaintiff's Complaint are necessarily insufficient to support his claim. *Parsons*, 2006 WL 2266254 at *3 (citing *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993) and *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987)). While "[i]]t may be that the detailed facts of Plaintiff's particular case as developed by the evidence will, in the end, not be sufficient to

5

justify any of the relief he seeks, . . . that question is not before the Court at this point." *Id.* The Undersigned, therefore, recommends denying the Motion to Dismiss on the grounds that the Court lacks jurisdiction to hear the case because Plaintiff has failed to allege a violation of a constitutional or statutory right.

### B. Ohio Adult Parole Authority

Defendants argue that Plaintiff improperly listed the Ohio Adult Parole Authority as a named defendant, which is a state agency, and not a "person" under 42 U.S.C. § 1983. (ECF No. 9, at pg. 6.) Defendants are correct that Ohio Adult Parole Authority is not an entity that can be sued. *Topping v. Ohio Adult Parole Authority*, No. 2:11-cv-00727, 2012 WL 4920172, at *2 (S.D. Ohio Oct. 16, 2012). "The State is immune under the Eleventh Amendment from suits against it." *Id.* (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66 (1989) and *Foulks v. Ohio Dept. of Rehab. & Corr.*, 713 F.2d 1229, 1232 (6th Cir. 1993)). This Court is without power to "strip" a state agency of its Eleventh Amendment immunity. *Id.* Accordingly, the Undersigned recommends granting the Motion to Dismiss with respect to Defendant Ohio Adult Parole Authority.

### C. *Respondeat Superior*

Defendants argue that Plaintiff's claims against Defendant Trayce Thalheimer must be dismissed because they fall under the doctrine of *respondeat superior*. (ECF No. 9, at pg. 6.) In order to plead a cause of action under § 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To sufficiently plead the second element, a plaintiff must allege "personal

involvement." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Plaintiff must allege personal involvement because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id*. (citation omitted). Thus, to hold a supervisor liable under § 1983, a plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

Defendants argue that Plaintiff's allegations against Defendant Thalheimer rely solely on her position as Chairperson of the Ohio Adult Parole Authority. (ECF No. 9, at pg. 7 (*see* ECF No. 3, Plaintiff's Complaint, at pg. 5 ("[D]efendants, (The Ohio Adult Parole Authority) under the supervision of the Chairperson Ms. Tracyee [sic] Thalheimer, failed to provide a meaningful statutory mandated parole eligibility/suitability hearing."))). Defendants further contend that "Plaintiff fails to allege how Defendant Thalheimer undertook any direct action that violated his constitutional rights[,]" making Plaintiff's allegations against Defendant Thalheimer insufficient to state a claim under 42 U.S.C. § 1983. (ECF No. 9, at pg.7–8.)

"[S]upervisory personnel are not liable under the doctrine of *respondeat superior*; rather, [a] plaintiff must allege that a supervisor condoned, encouraged, or knowingly acquiesced in the alleged misconduct." *White v. County of Wayne*, 20 F. App'x 450, 451 (6th Cir. 2001) (citing *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) (italics added). Here, Plaintiff has not identified any conduct by Defendant Thalheimer that indicates she condoned, encouraged, or knowingly acquiesced in the alleged misconduct. Instead, Plaintiff simply indicates that Defendant Thalheimer is the Chairperson of the Ohio Adult Parole Authority. For these reasons, the Undersigned recommends granting the Motion to Dismiss with respect to Defendant Thalheimer.

7

**D. Standing**

Defendants argue that Plaintiff fails to establish standing because he has not demonstrated how any of the named Defendants caused the alleged harm. (ECF No. 9, at pg. 8.) To satisfy Article II's standing requirements, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Foster-Bey v. Rubitschun*, No. 05-71318, 2005 WL 2010181, at *4 (E.D. Mich. Aug. 18, 2005) (citing *Friends of the Earth, Inc. v. Laidlaw*, 528 U.S. 167, 180–81 (2000)).

Defendants argue that because Plaintiff has not plead how each defendant is personally responsible for the alleged harm, his Complaint must be dismissed for a lack of standing. However, the Parole Board retains complete discretion whether to grant or deny parole. Defendants argument "does not take into account that a dilution of procedural safeguards, in and of itself, is an injury." *Id.* Furthermore, "[s]tanding is a threshold determination." *Id.* Therefore, "[u]nlike proving the merits of the case . . . a plaintiff cannot be required to provide evidence of his injury at this initial stage; it is sufficient for him to state his injury so that the court may determine whether, assuming those facts do exist, it is cognizable." *Id.* Here, based on the allegations in Plaintiff's Complaint, Defendants caused Plaintiff harm which is capable of being redressed by the Court. Accordingly, the Undersigned recommends denying the Motion to Dismiss on the grounds that Plaintiff lacks standing.

**IV. CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendant's Motion to Dismiss (ECF No. 9) be **GRANTED** with respect to Defendant Ohio Adult Parole Authority

and Defendant Thalheimer and that these two defendants be terminated from the case, but **DENIED** with respect to jurisdiction and standing.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: June 17, 2019**           */s/ Elizabeth A. Preston Deavers*
                                  **ELIZABETH A. PRESTON DEAVERS**
                                  **CHIEF UNITED STATES MAGISTRATE JUDGE**