# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

James M. Jackson,

    Plaintiff,

v.

Stuart Hudson, et al.,

    Defendants.

Case No. 2:18-cv-1319

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff, James M. Jackson, Jr., is a state inmate proceeding without the assistance of counsel. He brings this action under 42 U.S.C. § 1983 against Defendants Stuart Hudson (Director of the Ohio Department of Rehabilitation and Corrections), Trayce Thalheimer (Chairperson of the Ohio Board Authority), Kathleen Kovach, Ellen Venters, RF Rauschengerg, Mark Houk, Alicia Handwerk, Shirley Smith, Dr. T. Reveal, Ron Nelson, Jr., Lisa Hunter, and the Ohio Adult Parole Authority (collectively, "Defendants").[1] Compl., ECF No. 3. Defendants moved to dismiss Plaintiff's case for failure to state a claim, for lack of jurisdiction, and for lack of standing. Mot., ECF No. 9. On June 17, 2019, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court grant in part and deny in part Defendants' motion.

---

[1] Although unclear from the record, it seems (and the Court assumes for the purposes of this Opinion) that all individual Defendants aside from Hudson are members of the Ohio Adult Parole Authority.

R&R, ECF No. 18. Defendants timely objected to portions of the Magistrate Judge's R&R, ECF No. 19, and Plaintiff responded, Resp., ECF No. 20. For the following reasons, the Undersigned **SUSTAINS** Defendants' objection, **GRANTS** Defendants' motion to dismiss for failure to state a claim, Mot., ECF No. 9, and **DISMISSES** Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff's § 1983 claim rests on Defendants' alleged "fail[ure] to provide a meaningful statutory mandated parole eligibility/suitability hearing." Compl. 5, ECF No. 3. Plaintiff's parole hearing was insufficient, he says, for two reasons. First, "information provided by Ms. Lisa Hunter, Institutional Parole Officer...was considered by the parole board to be of a mental health nature," but "Ms. Hunter is not a qualified individual by standards set forth by the State of Ohio to determined [sic] mental health fitness to reenter society." *Id.* Second, "past criminal history going back to when plaintiff was 12 years of age is of an erroneous nature and is part of plaintiff's juvenile record," and it "fail[s] to highlight the improvements made by plaintiff in his rehabilitation process." *Id.* To remedy these alleged deficiencies, Plaintiff requests a new parole hearing, a mental health and psychological evaluation by a licensed and qualified practitioner, and that "erroneous and outdated information not be used in his parole decision." *Id.* at 6.

Defendants moved to dismiss Plaintiff's claim on several bases. They asserted that Plaintiff failed to state a claim for relief because he did not allege

that the Parole Board knowingly relied on false information when it made its parole determination. Mot. 4–6, ECF No. 9. For the same reason, Defendants argued that the Court lacks jurisdiction under § 1983. *Id.* Additionally, they contended that the Adult Parole Authority could not be sued under § 1983 because it is not a "person" under the statute. *Id.* at 6. They also argued that Defendant Thalheimer must be dismissed because Plaintiff did not allege that Thalheimer personally participated in the alleged deprivation of Plaintiff's constitutional rights. *Id.* at 6–8. Finally, Defendants asserted that Plaintiff failed to establish Article III standing because he did not demonstrate that the harm he alleged was traceable to any named defendant. *Id.* at 8–9. Plaintiff opposed Defendants' motion to dismiss. Resp., ECF No. 15.

Magistrate Judge Deavers recommended granting the motion to dismiss Defendants Adult Parole Authority and Thalheimer from the lawsuit but denying the motion to dismiss for failure to state a claim, lack of jurisdiction, and lack of standing. R&R 8–9, ECF No. 18. She notified the parties of their right to file objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). *Id.* at 9. And she advised the parties that the failure to object to the R&R within fourteen days would result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the decision of the District Court adopting the R&R. *Id.*

Defendants timely objected to only the Magistrate Judge's recommendation to deny the motion to dismiss for failure to state a claim. Obj.,

ECF No. 19. Plaintiff opposed Defendants' objection, Resp., ECF No. 20, but did not file any of his own objections.

Defendants' sole objection is now ripe for review.

## II.  STANDARD OF REVIEW

Under Rule 72(b), the Court reviews de novo any part of the Magistrate Judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Defendants object to the Magistrate Judge's recommendation to deny their motion to dismiss for failure to state a claim under Federal Rule of Procedure Rule 12(b)(6),[2] contending that Plaintiff's complaint contains only conclusory allegations devoid of any factual support. A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* This standard "calls for enough fact to raise a reasonable

---

[2] Defendants variously frame their argument as one going to the Court's jurisdiction to hear Plaintiff's claim and as one going to Plaintiff's failure to state a claim under Rule 8's plausibility standard. The Magistrate Judge recommended finding that the Court does have jurisdiction and that Plaintiff's allegations are sufficient to state a claim. R&R 5–6, ECF No. 18. Because Defendants' jurisdiction arguments really hinge on whether Plaintiff's allegations meet Rule 8's plausibility standard, this Opinion and Order does not separately address jurisdiction.

expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

A pro se litigant's pleadings must be, and in this instance are, construed liberally and held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Still, even "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Just like any other plaintiff, pro se plaintiffs must allege more than "naked assertion[s]"—they must provide enough factual enhancement to make their claim not just possible, but plausible. *Twombly*, 550 U.S. at 557.

## III. ANALYSIS

Plaintiff's procedural due process claim rests on the following allegations: (1) the parole board relied on information provided by an institutional parole officer, Ms. Hunter, who was not qualified by Ohio standards to determine health fitness to reenter society; and (2) the parole board relied on Plaintiff's juvenile criminal history going back to when he was 12 years of age, which was "of an erroneous nature" and "failed to highlight the improvements made by plaintiff in his rehabilitation process." Compl. 5, ECF No. 3. In their objection, Defendants argue that Plaintiff's allegations are insufficient to state a claim because they

assert only that Defendants relied on irrelevant or inappropriate, rather than knowingly false, information as required to assert a procedural due process claim in the context of a parole hearing. Additionally, Defendants contend that Plaintiff's assertion that his juvenile criminal history "is of an erroneous nature" is too conclusory to clear the plausibility hurdle. The Undersigned agrees with Defendants.

It is well established that Ohio prisoners have "no constitutional or statutory right to parole." *State ex rel. Keith v. Ohio Adult Parole Auth.*, 2014-Ohio-4270, ¶ 24, 141 Ohio St. 3d 375, 379, 24 N.E.3d 1132, 1137 (quoting *State ex rel. Henderson v. Ohio Dep't of Rehab. & Corr.*, 1998-Ohio-631, 81 Ohio St.3d 267, 268, 690 N.E.2d 887). Because parole decisions, under Ohio statute, are discretionary, "a potential parolee [is] not deprived of life, liberty, or property by being denied parole" and cannot "invoke due process to challenge" the merits of a parole decision. *Id.* ¶ 20. They can, however, raise certain procedural challenges to the methods used to reach a parole decision. As the Sixth Circuit has explained, "where a prisoner does not claim immediate entitlement to parole . . . but instead lodges a challenge to the procedures used during the parole process as generally improper or improper as applied in his case . . . such a challenge [is] cognizable under section 1983." *Dotson v. Wilkinson*, 329 F.3d 463, 472 (6th Cir. 2003).

Not every procedural challenge is cognizable under § 1983, though. The Constitution requires only that a potential parolee be provided "an opportunity to

be heard and . . . a statement of the reasons why parole was denied." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citation omitted). States may establish "their own procedural statutes and regulations on parole . . . as a matter of *state* law," but the failure to follow those state regulations do not give rise to a "*federal* due process" challenge. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994). So although Ohio provides its own statutory factors that must guide the parole board's discretionary determination, see Ohio Admin. Code 5120:1–1–07(B), those factors do not set a new baseline for federal procedural due process requirements and thus do not provide a basis for a procedural due process challenge. *See Jergens v. Ohio Dep't of Rehab. & Corr. Adult Parole Auth.*, 492 F. App'x 567, 571 & n.5 (6th Cir. 2012) ("[T]he question of which due process requirements apply is one of federal law, not state law." (alterations omitted) (quoting *Cooke*, 562 U.S. at 862 n.*)).

This Court has recognized that even though Ohio prisoners have no liberty interest in parole itself, they do possess a liberty interest in being free from "parole decisions . . . made in reliance on information that the Parole Board [knew was] inaccurate or ha[d] reason to know [was] inaccurate." *Kinney v. Mohr*, No. 2:13-CV-1229, 2015 WL 1197812, at *4 (S.D. Ohio Mar. 16, 2015); *see also Solly v. Mausser*, No. 2:15-CV-956, 2018 WL 1070504, at *3 (S.D. Ohio Feb. 27, 2018) (inmates have a right to parole determinations made in reliance on "accurate parole records"); *Jergens*, 492 F. App'x at 571 n.5 ("Neither this decision nor any binding circuit precedent . . . forecloses the possibility that, in

an appropriate case, a parole board's reliance on unconstitutional factors—or even on false information in the parole file—could constitute a due-process violation."). A decision made on knowingly false information would constitute a "wholly arbitrary decision-making process" that offends due process. *Jergens*, 492 F. App'x at 571 n.5.

To state a procedural due process claim, then, a potential parolee's complaint must point to "verifiable errors" contained in the parole file that the parole board knowingly relied on to make its determination. *Kinney v. Mohr*, No. 2:13-cv-1229, 2015 WL 1197812, *4 (S.D. Ohio March 16, 2015). For example, the plaintiff in *Kinney* alleged that his parole records falsely stated he was previously denied parole because he raped and shot a female victim and premeditated killing three other victims by shooting them in the head. *Id.* at *2. He also alleged that after he notified the parole board of these errors, presenting them with an autopsy report and a hearing transcript that contradicted the record's statements, the parole board nonetheless failed to correct them. *Id.* The court found that these allegations were specific enough to state a procedural due process claim. *Id.*; *see also Keith*, 2014-Ohio-4270, ¶ 30 (recognizing a procedural due process claim when the plaintiff pointed to "substantive errors in the record that" the parole authority was aware of but failed to correct and which "may have influence[d] the [parole authority's] consideration of his parole"). In contrast, *Jergens* concluded that the plaintiff's allegation that the parole board relied on "false information [in his] criminal record and history" was too vague to

make out a claim. 492 F. App'x at 571 n.5 (citing *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001)); *see also Solly v. Mausser*, No. 2:15-cv-956, slip op. at 5–6 (S.D. Ohio Nov. 6, 2015) (dismissing a procedural due process claim when the plaintiff "allege[d] that Defendants relied on false information in denying him a meaningful parole hearing" but did "not describe the nature of the false information or how it was used against him").

Plaintiff's Complaint does not allege any specific "verifiable error" that Defendants knowingly used to make their parole determination. Rather, Plaintiff alleges merely that the criminal history contained in his record was "of an erroneous nature" and "failed to highlight the improvements [he] made . . . in his rehabilitation process," Compl. 5, ECF No. 3. This "[n]aked assertion[]," *Iqbal*, 556 U.S. at 678, is insufficient to state a plausible claim for relief. Indeed, Plaintiff's contention that his record does not adequately account for his improvements demonstrates that his ultimate concern may be not with the veracity of his criminal record at all but rather with Defendants' reliance on it even though—in Plaintiff's view—it does not adequately account for his rehabilitation. But whether Defendants' parole decision was informed by a full picture of Plaintiff's rehabilitation is not a question that falls within the province of procedural due process. All that matters from a procedural due process standpoint is whether the parole authority knowingly relied on false information. Because Plaintiff fails to present any "specific factual allegations" about errors in his record or Defendants' knowing reliance on them, *Harden-Bay v. Rutter*, 524

F.3d 789, 796 (6th Cir. 2008), he fails to state a plausible claim under § 1983 for violations of procedural due process.

Finally, Plaintiff's additional allegation—that the institutional parole officer was not qualified under Ohio law—cannot support a procedural due process claim, because it hinges on State-mandated procedures rather than federal constitutional requirements. See Sweeton, 27 F.3d at 1165.

## IV. CONCLUSION

For these reasons, the Court **SUSTAINS** Defendants' objection, Obj., ECF No. 19, and **GRANTS** Defendants' motion to dismiss for failure to state a claim, Mot., ECF No. 9. Additionally, because no party objected to the Magistrate Judge's recommendations to dismiss the case for lack of standing or to dismiss Defendants Adult Parole Authority and Thalheimer from the lawsuit, the Court **ADOPTS** those recommendations without conducting a de novo review. Because no additional claims remain, Plaintiff's case is **DISMISSED** without prejudice.

The Clerk is **DIRECTED** to terminate ECF Nos. 9 and 18.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**